IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

October 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| WILLIAM DAVID FOWLER and | ) | WASHINGTON COUNTY |
| wife LINDA FOWLER | ) | LAW COURT |
| | ) | 03A01-9801-CV-00021 |
| Plaintiffs-Appellants | ) | |
| | ) | |
| | ) | HON. THOMAS J. SEELEY, JR., |
| v. | ) | JUDGE |
| | ) | |
| | ) | |
| RICHARD BOWIE, M. D. | ) | |
| | ) | |
| Defendant-Appellee | ) | AFFIRMED AND REMANDED |

FRANCIS X. SANTORE and FRANCIS X. SANTORE, JR., OF GREENEVILLE FOR
APPELLANTS

JAMES E. BRADING OF JOHNSON CITY FOR APPELLEE

O P I N I O N

Goddard, P.J.

In this medical malpractice case, Plaintiffs William David Fowler and his wife

Linda Fowler appeal the Trial Court's sustaining a motion to dismiss filed by the Defendant,

Richard Bowie, M. D.

The facts of this case are succinctly stated in the order of dismissal as follows:

The Complaint alleges that on February 20, 1992, the Defendant performed surgery on Plaintiff William David Fowler to repair a hernia and that in doing so the Defendant placed a plug made of marlex in the body of the Plaintiff in the inguinal canal where the canal was most lax. The Complaint further alleges that the way and manner in which this plug was placed by the Defendant was negligent because the Defendant did not sew the marlex to the floor of the inguinal canal and because of this the marlex entrapped the plaintiff's ilio-inguinal nerve and put pressure upon the plaintiff's spermatic cord. The Complaint alleges that this was not discovered until October 4, 1996. Suit was filed on October 2, 1997.

It is the position of the Fowlers, contrary to the Trial Court's determination, that the exception to the three-year Statute of Repose contained in Subsection (a)(4) of T.C.A. 29-26-116[1] would also include foreign objects intentionally but negligently placed in a patient's body.

Our reading of the record and the briefs persuade us that under the authority of Farrow v. Reed, an unpublished opinion of this Court filed in Knoxville on September 4, 1996, and the authority cited therein, this is an appropriate case for affirmance under Rule 10(a) of this Court.

The judgment of the Trial Court is accordingly affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against the Fowlers and their sureties.

---

[1]    **29-26-116.  Statute of limitations - Counterclaim for damages.**-- (a) (1) The statute of limitations in malpractice actions shall be one (1) year as set forth in § 28-3-104.

(2) In the event the alleged injury is not discovered within the said one (1) year period, the period of limitation shall be one (1) year rom the date of such discovery.

(3) In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

(4) The time limitation herein set forth shall not apply in cases where a foreign object has been negligently left in a patient's body in which case the action shall be commenced within one (1) year after the alleged injury or wrongful act is discovered or should have been discovered.

2

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Don T. McMurray, J.